IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEON DESHIELDS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JESSUP CORRECTIONAL INSTITUTION, <br> JAMA ACUFF, <br> CHARLES MITCHELL, <br> JOHN/JANE DOE PRISON MED. STAFF, <br><br> Defendants. | Civil Action No.: JKB-24-2984 |

**MEMORANDUM AND ORDER**

On November 14, 2024, the Court issued an Order granting Plaintiff Deon DeShields, Jr. 28 days to file an Amended Complaint to correct deficiencies in the original Complaint. (ECF No. 4.) On December 12, 2024, DeShields filed an Amended Complaint. (ECF No. 5.) For the reasons stated herein, the Amended Complaint must be dismissed.

In his original Complaint, DeShields claims he was assaulted and suffered multiple facial fractures, and that he required surgery. (ECF No. 1.) He alleged that he was scheduled for surgery, but that—due to staff negligence at the Jessup Correctional Institute ("JCI") where he was housed—he was fed on the day of surgery, which delayed the surgery. (*Id.*) He alleges that this caused his fractures to heal improperly. (*Id.*) In the Court's November 14, 2024 Order, the Court explained that the original Complaint failed to state how the named Defendants were responsible for the delay in the surgery. (ECF No. 4.) The Court explained that DeShields failed to allege that any of the Defendants directly caused the harm. (*Id.*) The Court explained that DeShields only allege that Warden Acuff and Officer Mitchell were responsible due to their supervisory positions, but that this was insufficient to allege liability under 42 U.S.C. § 1983. (*Id.*) Further, the Court

explained that the claim against Dr. Grant—the doctor who ultimately performed the surgery—did not state any violation of DeShield's rights, given that he did not allege that Dr. Grant contributed to any delay, or that he acted with deliberate indifference. (*Id.*) Further, the Court explained that the Department of Public Safety and Correctional Services, the University of Maryland Medical Center, and JCI could not be sued because they are not "persons" amendable to suit under § 1983. (*Id.*) Further, the Court explained that the claims appeared to be time-barred, because the complained-of actions occurred over five years ago. (*Id.*)

In his Amended Complaint DeShields again alleges that Warden Acuff "failed to oversee and ensure proper care for inmates, resulting in delay[ed] surgery." (ECF No. 5 at 8.) He also asserts that Officer Charles Mitchell "did not ensure custodial staff followed medical protocols, directly causing the delay." (*Id.*) Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link

between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Here, DeShields has alleged negligence on the part of Acuff and Mitchell because they allegedly failed to ensure DeShields was not fed a meal on the day of his originally scheduled surgery. He does not, however, include any allegations from which the Court can plausibly find that either Acuff or Mitchell actually knew about his scheduled surgery and the need for him to refrain from eating. Given that DeShields' condition amounted to a serious medical need, a successful Eighth Amendment claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his actions were inappropriate in light of that risk.'" *Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 842).

Nothing in the Amended Complaint indicates that there was a substantial risk known to Acuff and Mitchell if DeShields was allowed to eat eight hours before his originally scheduled surgery. The Amended Complaint is dismissed as to Acuff and Mitchell.

Additionally, the Amended Complaint names JCI as a Defendant but it may not proceed. A suit under 42 U.S.C. § 1983 must be against a "person" acting under color of law. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). JCI is not a person or a body politic; therefore, it must be dismissed from suit.

Lastly, DeShields names Jane and John Doe Prison Medical Staff who he alleges "neglected to enforce fasting protocols causing my surgery to be cancelled." (ECF No. 5 at 8.) However, this claim must fail DeShields' claim has been filed outside of the period of statute of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. Code § 5-101. While DeShields notes his ongoing pain as a basis for tolling the statute of limitation, (ECF No. 5 at 10), it is not a cognizable basis for tolling the limitations period where, as here, he does not allege that he was so incapacitated by his injury that he could not file suit in a timely manner.

Accordingly, it is ORDERED that:

1. The Amended Complaint IS DISMISSED without prejudice;

2. The Clerk SHALL PROVIDE a copy of this Order to DeShields; and

3. The Clerk SHALL CLOSE this case.

Dated this 21 day of March, 2025.

FOR THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge